**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK**
--------------------------------------

**INTERNATIONAL MEDIA FILMS, INC.,**

                **Plaintiff,**         **07 Civ. 1178 (JGK)**

      **- against -**                **MEMORANDUM OPINION AND
ORDER**

**LUCAS ENTERTAINMENT, INC., ET AL.,**

                **Defendants.**
--------------------------------------

**JOHN G. KOELTL, District Judge:**

     The defendants have moved for an award of attorney's fees and expenses against the plaintiff and its prior attorneys. This Court has previously granted summary judgment dismissing the plaintiff's copyright and trademark claims and declining to exercise supplemental jurisdiction over the plaintiff's state law claims. The Court found that the plaintiff had failed to adduce sufficient admissible evidence that it owned the copyright to the film La Dolce Vita that it claimed was infringed, and that the plaintiff had failed to establish standing to assert its trademark infringement claim.

     The defendants argue that the plaintiff and its lawyers "must have or should have become aware that it was not objectively reasonable to continue pursuing Plaintiff's claims." (Reply Mem. at 1.) However, the defendants have failed to show that the plaintiff and its attorneys pursued this litigation in bad faith. Rather, the plaintiff's attorneys made a good faith

effort at the outset to determine the basis for the plaintiff's chain of title and had some support for their conclusion that the plaintiff did have good title.  The plaintiff argues that it was clear that good title rested with Paramount, but this Court never resolved that Paramount did have good title, and indeed Paramount had not sued the plaintiff for copyright infringement while the litigation was pending.  While this Court eventually determined on summary judgment that there was insufficient admissible evidence to establish the plaintiff's copyright to La Dolce Vita, that is not the equivalent of a finding that the case was pursued in bad faith or with no colorable basis.

The defendants rely on the inherent power of the Court to award sanctions including attorney's fees against opposing counsel.  See Chambers v. NASCO, Inc., 501 U.S. 32, 44 (1991); Schlaifer Nance & Co. Estate of Warhol, 194 F.3d 323, 336 (2d Cir. 1999).  However, the plaintiff has failed to show that there was no colorable basis for the action or that it was brought or pursued in bad faith.  The plaintiff also points to Rule 11 of the Federal Rules of Civil Procedure, although it is not clear that the motion is explicitly made pursuant to Rule 11.  In any event, the defendants have failed to establish a violation of Rule 11.

The defendants also seek sanctions under Section 35 of the Lanham Act, 15 U.S.C. § 1117(a)(3) which permits fees to be

2

imposed in "exceptional cases."  However, this provision should only be applied when there is a showing of fraud or bad faith, see Twin Peaks Prods., Inc. v. Publ'ns Int'l, Ltd., 996 F.2d 1366, 1383 (2d Cir. 1993), including where the plaintiff presents forged documents in the course of the litigation.  See Patsy's Brand, Inc. v. I.O.B. Realty, Inc., 317 F.3d 209, 221 (2d Cir. 2003).  This is not such a case because there is no showing that the plaintiff or its attorneys proceeded in bad faith or were aware of the use of forged documents.  It should be noted that in connection with the motion for summary judgment, the Court found that the plaintiff could not prove its chain of title because of its inability to produce the original of a document critical to the chain of title, and there were serious questions raised with respect to the authenticity of several documents.  It was unnecessary for the Court to find that any of the documents were actually fraudulent, only that the plaintiff had not produced sufficient admissible evidence to establish its claim of title.  There is no evidence that the plaintiff or its lawyers were responsible for any of the questionable documents or that they proceeded in bad faith.  Indeed, after reviewing the plaintiff's showing of due diligence, the defendants have retreated to the position that the plaintiff and its lawyers "must have or should have become aware that it was not objectively reasonable to continue

pursuing Plaintiff's claims." (Reply Mem. at 1.) This negligence standard is a far cry from the required showing of bad faith or the knowing use of forged documents.

The Court has the discretion to award attorney's fees to the prevailing party in a copyright case. 17 U.S.C. § 515; see Fogerty v. Fantasy, Inc., 510 U.S. 517, 534 (1994); Knitwaves, Inc. v. Lollytogs Ltd., 71 F.3d 996, 1011 (2d Cir. 1995). The Supreme Court has explained that the factors to be considered in exercising the court's discretion are "frivolousness, motivation, objective unreasonableness (both in the factual and in the legal components of the case) and the need in particular circumstances to advance considerations of compensation and deterrence." Fogerty, 510 U.S. at 535 n.19 (internal citations and quotation marks omitted). In this case, the Court could not find that the plaintiff's copyright claim was frivolous or objectively unreasonable, even though it did not succeed. Lack of success is not the equivalent of frivolousness or objective unreasonableness. Moreover, there is no evidence that the lawsuit was brought for an improper purpose. Finally, there is no reason that parties with copyright claims should be deterred from bringing such claims simply because they are eventually unsuccessful.

In its papers, the defendants argue that the plaintiff abused discovery in the course of the case. The plaintiff

4

responds that it was the defendants who abused discovery. Each of the parties had the opportunity to seek sanctions in the course of the litigation and neither side points to such sanctions. The mutual recriminations do not advance either side's position at this point in the litigation.

For all of the reasons explained above, the defendants' application for attorney's fees and costs is **denied**. However, it should be noted that in the papers submitted, the defendants point to the fact that they submitted an Offer of Judgment pursuant to Rule 68 of the Federal Rules of Civil Procedure on July 5, 2007, which was plainly not accepted. The defendants may therefore be entitled to subsequently incurred costs under Federal Rule of Civil Procedure 68(d), although the defendants have not moved for such costs on this motion. Therefore, the denial of the current motion is **without prejudice to any application under Rule 68**.

SO ORDERED.

Dated:   New York, New York
         November 21, 2011

/s/ John G. Koeltl
John G. Koeltl
United States District Judge